HARRISON SPRAGUE AND ELISHA W. GARDNER, APPELLANTS, v. TURNEY W. RICHARDS AND ANDREW W. RICHARDS, RESPONDENTS.

*Appeal — failure of the appellant to serve printed papers — General Rule No. 40 — what costs are allowed upon a motion made under such rule which results in the judgment below being affirmed.*

A defendant who had appealed from a judgment rendered against him in a County Court having neglected to print and serve his papers, a third person who had been allowed to appear and protect his interest in the judgment appealed from, moved under General Rule No. 40, to have the case stricken from the calendar and for a judgment of affirmance. The motion was granted, with ten dollars costs, unless the appellant should serve the printed papers within thirty days. Upon his failure so to do a judgment of affirmance was entered in which were included twenty dollars for costs before, and forty dollars for costs of argument.

*Held,* that this was proper.

APPEAL from an order of the Monroe Special Term, striking out certain items of costs taxed by the plaintiffs and ordering a readjustment.

*E. W. Gardner,* for the appellants.

*J. Van Voorhis,* for the respondents.

SMITH, P. J.:

The defendants appealed to this court from a judgment rendered against them in the County Court of Ontario county, in favor of the plaintiff Sprague. At the term of this court, held in June, 1882, Mr. Gardner was permitted to come in as a party plaintiff and respondent to protect such interest as he might have in the judgment. At the October term, Gardner having put the cause on the calendar, moved, under Rule 40, to strike the cause from the calendar and for judgment of affirmance, on the ground that the appellants upon the former appeal had neglected to serve printed papers. The motion was granted with ten dollars costs unless the appellants should serve papers within thirty days. The papers not having been served, Gardner, after the expiration of thirty days, entered a judgment of affirmance and taxed his costs in which were included the following items, to wit: "Before argument twenty

dollars; for argument, forty dollars." By the order now appealed from those items were stricken out with ten dollars costs of motion.

We think the items were taxable. Rule 40 of 1880 (Rule 41 of 1877), provides that "if the party whose duty it is to furnish the papers shall neglect to do so, the opposite party shall be entitled to move, on affidavit and on four days notice of motion, that the cause be struck from the calendar (whichever party may have noticed it for argument), and that judgment be rendered in his favor." Under the order obtained by Mr. Gardner, in pursuance of that rule, he properly entered a judgment of affirmance, the appellants having neglected to avail themselves of the privilege of serving papers in thirty days, granted by the order. Upon such affirmance he was entitled to the same costs as if the judgment of affirmance had been rendered after argument. (Code of Civil Pro., §§ 3238, 3228.) On affirmance, the costs follow as a matter of statutory right. No order of the court was necessary to give them, and no order of the court could rightfully take them away. (*Gray* v. *Hannah*, 3 Abb. [N. S.], 183; *Combs* v. *Combs*, 25 Hun, 279.) No question is made but that the action is one of those embraced in section 3228. The items in question are given specifically by section 3251. And their allowance is in accordance with long established practice in like cases. The right to those items is not affected by the circumstance that ten dollars motion costs were given by the court on granting the order. The order was not absolute, but was conditional, and if the appellants had availed themselves of the privilege granted by the condition, the motion would not have resulted in an affirmance. The motion costs were allowed in view of that contingency.

The fact that the papers in the action are entitled in the name of the original plaintiff Sprague, as well as that of the respondent Gardner, does not deprive the latter of his right to the costs to which he has been subjected in protecting his interest in the judgment.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to strike out, etc., denied.

HARDIN and MACOMBER, JJ., concurred.

So ordered.